## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

AUTO-OWNERS INSURANCE COMPANY,
as subrogee of Joel Dreier,                                    Case No.: _____

       Plaintiff,

v.

ALLIANZ GLOBAL RISKS US INSURANCE COMPANY,
GD MIDEA AIR CONDITIONING EQUIPMENT LTD.,
MIDEA AMERICA CORP., GRAND APPLIANCE INC.,
and NATIONWIDE MUTUAL INSURANCE COMPANY,

       Defendants.

---

| **CIVIL COMPLAINT** |
|:---:|

---

Now comes the plaintiff, AUTO-OWNERS INSURANCE COMPANY, as subrogee of Joel Dreier, by and through its attorneys, and as for its complaint against the defendants, alleges as follows:

1.      Auto-Owners Insurance Company is a Michigan insurance corporation authorized to do business in Wisconsin. Its main offices are located at 6101 Anacapri Boulevard, Lansing, MI.

2.      Auto-Owners issued a policy of insurance to Joel Dreier, under which it provided coverage for the premises located at 1265 Patti Lane, Brookfield, WI, 53045 (the "Subject Residence"), at times material to the subject of this action.

3.      Allianz Global Risks US Insurance Company ("Allianz") is a business entity organized and existing under the laws of Illinois, with its principal place of business located at 225 W. Washington St., Suite 1800, Chicago, Illinois 60606.

4.      Allianz Global Risks US Insurance Company issued a policy of liability insurance to GD Midea Air Conditioning Equipment Ltd., and Midea America Corp., which policy was in effect on December 28, 2019, the date of the accident described herein.  That policy of liability insurance provides liability coverage to the GD Midea Air Conditioning Equipment Ltd., and Midea America Corp. for the claims and liability as alleged herein.  Allianz is a proper party pursuant to Wis. Stat. § 803.04 and Wis. Stat. § 632.24.

5.      GD Midea Air Conditioning Equipment Ltd. ("GD") is a Chinese business entity located at 6 Midea Avenue, Shunde Foshan, Guangdong, China 528311.  Upon information and belief, GD manufactured the dehumidifier, Frigidaire Model FAD704TDP, Serial No. KN01003496, which was involved in the subject fire.  Upon information and belief, GD placed the subject dehumidifier into the stream of commerce in the state of Wisconsin by selling, distributing or supplying it to Grand Appliance, Inc.

6.      Midea America Corp. ("Midea") is a business entity organized and existing under the laws of Florida.   Upon information and belief, Midea manufactured the dehumidifier, Frigidaire Model FAD704TDP, Serial No. KN01003496, which was involved in the subject fire. Upon information and belief, Midea placed the subject dehumidifier into the stream of commerce in the state of Wisconsin by selling, distributing or supplying it to Grand Appliance, Inc.

7.      Grand Appliance Inc. is a corporation organized and existing under the laws of Illinois, with its principal place of business located at 10301 Enterprise Way, Sturtevant, WI, 53177.   Grand Appliance Ins. sold and/or distributed the dehumidifier, Frigidaire Model FAD704TDP, Serial No. KN01003496, which was involved in the subject fire, to Joel Dreier.

8.     Nationwide Mutual Insurance Company ("Nationwide") is a business entity organized and existing under the laws of Ohio, with its principal place of business located at One Nationwide Boulevard, FSSC-RR, Columbus, Ohio,43215.

9.     Nationwide issued a policy of liability insurance to Grand Appliance Inc., which policy was in effect on December 28, 2019, the date of the accident described herein.  That policy of liability insurance provides liability coverage to the Grand Appliance Inc. for the claims and liability as alleged herein.  Nationwide is a proper party pursuant to Wis. Stat. § 803.04 and Wis. Stat. § 632.24.

## JURISDICTION AND VENUE

10.     Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the amount in controversy exceeds $ 75,000 and the parties are citizens of different states.

11.     Venue is proper in this forum under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Brookfield, Wisconsin and the Subject Premises is situated in Brookfield, Wisconsin.

## COMMON ALLEGATIONS

12.     In approximately 2017, Joel Dreier purchased an electric dehumidifier, Frigidaire Model FAD704TDP, Serial No. KN01003496 (the "Dehumidifier"), for use in the Subject Residence.

13.     Upon information and belief, GD and/or Midea designed, manufactured, supplied, distributed, and sold into the stream of commerce the Dehumidifier that was purchased and used in the Subject Residence.

14.     Grand Appliance Inc. sold the Dehumidifier directly to Joel Dreier.

3

15.     At all relevant times, the Dehumidifier was used for the intended purpose of reducing humidity within the Subject Residence and was used in a manner reasonably foreseeable to GD, Midea and Grand Appliance.

16.     On December 28, 2019, a fire occurred at the Subject Residence (the "Subject Fire").

17.     Subsequent investigation revealed that the aforementioned Subject Fire originated from the Subject Dehumidifier.

18.     As a result, the Subject Fire caused substantial damage to the Subject Residence and to Joel Dreier's real and personal property and forced Joel Dreier and his family out of the Subject Residence for a period of time.

19.     Pursuant to its policy of insurance with Auto-Owners Insurance Company, Joel Dreier submitted claims seeking indemnification and reimbursement for damages sustained as a result of the Subject Fire.

20.     As a result, Auto-Owners has paid a total of at least $328,456.26 to or on behalf of Joel Dreier for repairs, construction, loss of use of the Subject Residence and other associated cost and expense caused by and arising from the Subject Fire.

21.     In consideration of the aforementioned payments by Auto-Owners to Joel Dreier, and by operation of law, Auto-Owners is an actual, bona fide subrogee of Joel Dreier, and is subrogated to all rights and claims that he may have against any person or entity that may be liable for causing the aforementioned loss.

## COUNT ONE: STRICT PRODUCT LIABILITY VS. ALL DEFENDANTS

22.     The foregoing paragraphs are realleged and incorporated by reference as though set forth fully herein.

4

23. At all relevant times, GD, Midea, and/or their representatives, agents, employees or subsidiaries designed, assembled, manufactured, distributed and/or sold the Subject Dehumidifier.

24. Upon information and belief, Grand Appliance contractually assumed the manufacturer's duties to manufacture, design, or provide warnings or instructions with respect to the Dehumidifier, and/or is otherwise strictly liable to the plaintiff in the event that neither the manufacturer nor its insurer is subject to service of process within this state or the plaintiff is unable to enforce a judgment against the manufacturer or its insurer.

25. At the time the Dehumidifier left the possession and control of GD and/or Midea and Grand Appliance, it was defective, unsafe, and unreasonably dangerous.

26. Prior to the Subject Fire, the Dehumidifier was unchanged, not modified, and was used for its intended purpose at the Subject Residence.

27. At all relevant times, the Dehumidifier was defective and/or unreasonably dangerous in one or more of the following ways:

    a. The Dehumidifier and one or more of its component parts contained a manufacturing defect;

    b. The Dehumidifier and one or more of its component parts contained a design defect;

    c. The Dehumidifier failed to perform as safely as a ordinary consumer would expect when used in an intended or reasonably foreseeable manner;

    d. The Dehumidifier was designed and/or distributed with improper materials, which were subject to failure during ordinary use;

5

e. The Dehumidifier was designed and/or distributed with combustible components that were prone to ignite during ordinary use;

f. The Dehumidifier failed to incorporate any safety device to prevent an overheating and fire from occurring;

g. The Dehumidifier was designed without adequate warning to the consumer regarding the risk that the Dehumidifier could overheat and/or ignite a fire; and

h. The Dehumidifier was otherwise designed and/or distributed in such a way as to provide the intended use with a dangerous and defective product.

28.     As a direct and proximate result of the defective and/or unreasonably dangerous condition of the Dehumidifier, the Dehumidifier ignited, causing the Subject Fire to occur and resulting in extensive damage to the Subject Residence and to Joel Dreier's real and personal property.

29.     As a direct and proximate result of the defective and/or unreasonably dangerous condition of the Dehumidifier, Auto-Owners was obligated to and did in fact pay to or on behalf of Joel Dreier sums totaling at least $328,456.26, pursuant to the aforementioned policy of insurance, and became subrogated thereby to the extent of such payment.

30.     Allianz issued a policy of liability insurance to GD and/or Midea, and pursuant to that policy of insurance it is obligated to indemnify GD and/or Midea for the liability alleged herein and is directly liable to the plaintiff pursuant to Wis. Stat. § 632.24.

31.     Nationwide issued a policy of liability insurance to Grand Appliance, and pursuant to that policy of insurance it is obligated to indemnify Grand Appliance for the liability alleged herein and is directly liable to the plaintiff pursuant to Wis. Stat. § 632.24.

6

## COUNT TWO: NEGLIGENCE VS. ALL DEFENDANTS

32.     The foregoing paragraphs are realleged and incorporated by reference as though set forth fully herein.

33.     At all relevant times, GD, Midea and Grand Appliance, and each of them, had a duty to exercise reasonable care in the design, assembling, manufacturing, distribution and/or selling of the Dehumidifier.

34.     GD, Midea and Grand Appliance, and each of them, breached their duty of care by one or more of the following acts or omissions:

   a.   Negligent manufacture of the Dehumidifier and/or its component parts;

   b.   Negligent design of the Dehumidifier and/or its component parts;

   c.   Negligent assembly of the Dehumidifier and/or its component parts;

   d.   Negligent inspection of the Dehumidifier and/or its component parts;

   e.   Negligent testing of the Dehumidifier and/or its component parts;

   f.   Failure to warn that the Dehumidifier may overheat and ignite; or

   g.   Were otherwise negligent in failing to exercise due care.

35.     As a direct and proximate result of the defective and/or unreasonably dangerous condition of the Dehumidifier, the Dehumidifier ignited, causing the Subject Fire to occur and resulting in extensive damage to the Subject Residence and to Joel Dreier's real and personal property.

36.     As a direct and proximate result of the defective and/or unreasonably dangerous condition of the Dehumidifier, Auto-Owners was obligated to and did in fact pay to or on behalf of Joel Dreier sums totaling at least $328,456.26, pursuant to the aforementioned policy of insurance, and became subrogated thereby to the extent of such payment.

7

37.     Allianz issued a policy of liability insurance to GD and/or Midea, and pursuant to that policy of insurance it is obligated to indemnify GD and/or Midea for the liability alleged herein and is directly liable to the plaintiff pursuant to Wis. Stat. § 632.24.

38.     Nationwide issued a policy of liability insurance to Grand Appliance, and pursuant to that policy of insurance it is obligated to indemnify Grand Appliance for the liability alleged herein and is directly liable to the plaintiff pursuant to Wis. Stat. § 632.24.

WHEREFORE, Plaintiff respectfully requests that this Court award a judgment against Defendant, and in favor of Plaintiff, for compensatory damages and any other damages flowing from the breach or to which Plaintiff is otherwise entitled under equitable principles, plus costs, interest and attorney fees, and any other relief the court deems just.

### PLAINTIFF DEMANDS TRIAL BY JURY OF 12 PERSONS.

Dated this 10th day of January, 2022.

SIMPSON & DEARDORFF, S.C.
Attorneys for Auto-Owners Ins. Co.,


By: s/Joseph M. Mirabella
        Joseph M. Mirabella
        State Bar No. 1070199
        Email:  mirabella@simpsondeardorff.com


SIMPSON & DEARDORFF, S.C.
311 East Chicago Street, Suite 410
Milwaukee, WI  53202
Tel: 414-273-8550