# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AUTO-OWNERS INSURANCE
COMPANY,

                         Plaintiff,                    Case No. 22-CV-33-JPS

v.

ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY, GD                                  **ORDER**
MIDEA AIR CONDITIONING
EQUIPMENT LTD., MIDEA
AMERICA CORP., GRAND
APPLIANCE, INC., and
NATIONWIDE MUTUAL
INSURANCE COMPANY,

                         Defendants.

On January 12, 2022, Plaintiff filed a complaint in the above-caption matter. ECF No. 1. On February 28, 2022, Plaintiff requested entry of default as to Defendant Allianz Global Risks US Insurance Company ("Allianz US") because Allianz US had not filed an answer or other responsive pleading. ECF No. 13. The Clerk of Court entered default on April 5, 2022. On April 11, 2022, Plaintiff filed a motion for default as to Allianz US. ECF No. 15. On April 26, 2022, Allianz US filed a motion to set aside default. ECF No. 20.

The Court has discretion to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In order to set aside a default, a defendant must show "(1) good cause for [the] default (2) quick action to correct it and (3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial*

*Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). So long as the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence," good cause exists. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (citing *Passarella v. Hilton Int'l Co.*, 810 F.3d 674, 677 (7th Cir. 1987)). Additionally, "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citation omitted). Allianz US argues that it satisfies the required elements to have the default against it set aside.

Allianz US represents that it was served with Plaintiff's complaint on January 21, 2022 via Allianz US's registered agent. ECF No. 20 at 3. Allianz US agrees that its answer was due twenty-one days later, i.e., on February 11, 2022. *Id.* As reason for not submitting an answer or response to Plaintiff's complaint, Allianz US states that

> [it] did not file an answer as [it] was under the impression that Plaintiff was aware that Allianz US was not the proper party for suit but that Allianz US was acting on behalf of Allianz China, the properly named entity. To that end, Allianz US had, to its disadvantage, understood that Plaintiff would not pursue a claim against Allianz US but would proceed against Allianz China.

*Id.* According to Allianz US, on January 22, 2022 (the day after it was served), Allianz US notified counsel for Plaintiff that it had been assigned to handle this case on behalf of Allianz China, as well as Midea. Through Allianz US's notice to Plaintiff that Allianz US would handle the claim on behalf of Allianz China, Allianz US had "presumed" that Plaintiff would dismiss its claims against Allianz US voluntarily. ECF No. 28 at 2.

Case 2:22-cv-00033-JPS   Filed 06/27/22   Page 2 of 5   Document 29

Unfortunately, when it comes to defending legal matters in federal court, presumptions constitute poor strategy. If Allianz US believed that it was not the correct party to this lawsuit, it should have (1) filed a motion to dismiss or (2) better ensured that Plaintiff filed the required dismissal notice or stipulation under Federal Rule of Civil Procedure 41(a)(1). The Court also agrees with Plaintiff that the emails on which Allianz US formed its presumption should not have caused Allianz US to believe that it would be dismissed from the lawsuit. *See* ECF No. 21-1. The email, written by a claims adjuster for Allianz US to counsel for Plaintiff, states only that "We have been assigned to handle the above referenced matter on behalf of Allianz China and Midea." *Id.* There is nothing in the email or Plaintiff's counsel's response that would remotely suggest that the lawsuit would be dropped as to Allianz US.

Allianz US tries to argue that it should be forgiven for its actions because Plaintiff did not warn Allianz US that it would move for default. In the same breath, Allianz US acknowledges that Plaintiff had no duty to do so. The Court further adds that Federal Rule of Civil Procedure 55(a) provided Allianz US with as much warning as it needed to know that a properly served defendant must respond to a lawsuit. Further, not only does Allianz US not have good cause for its default, it was not quick to correct its failure to respond. Allianz US waited three weeks after the Clerk's entry of default to file its motion to vacate. Given that Allianz US knew about this lawsuit since January 21, 2022, it should have been keeping a watchful eye. The Court will deny Allianz US's motion to vacate, and the default will stand. The Court will now address Plaintiff's motion for default judgment, ECF No. 15.

After the entry of default, a plaintiff may move for default judgment under Federal Rule of Civil Procedure 55(b). Fed. R. Civ. P. 55(b). When the Court determines that a defendant is in default, the Court accepts as true the well-pleaded allegations in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *Id.* However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Id.* (quoting *In re Catt*, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). On the other hand, the Court does not need to conduct a hearing or referrals if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Here, Plaintiff asks for $328,456.26 in damages. ECF No. 15. To support this request, Plaintiff submitted an affidavit by Plaintiff's counsel, which includes copies of the insurance policy at issue, proof of payment of $328,456.26 to the insured party, and itemized breakdowns of that payment. ECF Nos. 16, 16-1, 16-2, 16-3, 16-4, 16-5. Plaintiff's claimed damages are reasonably certain and well-supported. The Court will grant Plaintiff's motion for a default judgment against Allianz US and award Plaintiff $328,456.26 in damages.

Case 2:22-cv-00033-JPS   Filed 06/27/22   Page 4 of 5   Document 29

The Court will soon issue its pretrial order in this case to move the litigation of the claims remaining against the Defendants forward.

Accordingly,

**IT IS ORDERED** that Defendant Allianz Global Risks US Insurance Company's motion to set aside entry of default, ECF No. 20, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment, ECF No. 15, be and the same is hereby **GRANTED**; Plaintiff shall recover $328,456.26 from Defendant Allianz Global Risks US Insurance Company.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2022.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge